EAGLE AND PHŒNIX MANUFACTURING COMPANY, plaintiff in error, *vs.* WHITE, SHEFFIELD & COMPANY, defendants in error.

When judgment in attachment was rendered against the defendant, but pending the motion to enter judgment against the garnishee, the cause was, on motion of plaintiff's attorney, ordered to be removed to the Circuit Court of the United States, and subsequently the plaintiff sued out a process of garnishment at common law upon said judgment, to which an answer was filed which was traversed, and upon the trial of the issue thus formed a motion was made to dismiss the second garnishment proceedings on the ground that the judgment against the defendant had been carried to the Circuit Court of the United States, and therefore garnishment process could not issue from it, and because there had already been one process of garnishment issued to recover the same debt, whereupon plaintiff's attorney submitted his affidavit to the effect that the Circuit Court had refused to take jurisdiction of said case because the records were not filed on the first day of the Court: *Held*, That the motion was properly overruled.

United States Court. Garnishment. Jurisdiction. Before Judge JAMES JOHNSON. Muscogee Superior Court. October Term, 1872.

For the facts of this case, see the decision.

PEABODY & BRANNON; HENRY L. BENNING, for plaintiff in error.

R. J. MOSES, for defendants.

Eagle and Phœnix Company *vs.* White, Sheffield & Company.

WARNER, Chief Justice.

This was an issue formed upon a traverse of the answer of the Eagle and Phœnix Manufacturing Company, as garnishee of the Rock Island Paper Mills.

It appeared from the evidence that White, Sheffield & Company, on the 29th of March, 1867, sued out an attachment against the Rock Island Paper Mills, returnable to May term, 1867, of Muscogee Superior Court, and that the Eagle and Phœnix Manufacturing Company was served with summons of garnishment on the same day. A declaration was filed in said case, returnable to May term, 1867, of said Court, and judgment rendered against said Rock Island Paper Mills at November term, 1870, in favor of the plaintiffs, for the principal sum of $2,397 14, and $741 00, interest to judgment. To this garnishment the Eagle and Phœnix Manufacturing Company filed an answer at the return term of the attachment. This answer set forth that the garnishee had purchased from the Rock Island Paper Mills Company a lot of land at the price of $7,000 00, and that $1,000 00 had been paid in cash, and $647 45 in an account against said paper mills, and that the remainder was to be paid when good titles to said lot should be made, and that such title had not been made at the filing of the answer.

No traverse was filed to this answer. Afterwards, the following order was made in said case : "In the above case, plaintiffs in garnishment moved for judgment against the garnishees, when counsel for Rock Island Paper Mills objected to the plaintiff's proceeding in said garnishment, because the judgment against the Rock Island Paper Mills Company was founded on a debt anterior to the 1st June, 1865, and no affidavit had been filed that taxes had been paid. The same objection was made by the attorneys for garnishees, and during the pendency of said motion, plaintiff in garnishment moved to remove said cause; whereupon, it was ordered by the Court that the same be removed, as prayed for, to the Circuit Court of the United States for the Southern District of Georgia."

Afterwards, and on the 4th of May, 1872, said White, Sheffield & Company sued out a garnishment at common law upon the aforesaid judgment, which was returnable to May term, 1872, of said Muscogee Superior Court, and the Eagle and Phœnix Manufacturing Company was served with summons of garnishment on the same day.

At the return term of said garnishment, the said garnishee filed an answer setting forth that said garnishee was indebted to the Rock Island Paper Mills in the sum of $5,352 55, balance due for purchase of lot number fourteen, and further, that two other garnishments have been issued of the same date: one in favor of Todd & Rafferty, and the other in favor of Bagley & Sewell, both against said Rock Island Paper Mills, and summons served upon the garnishee, to which the garnishee had filed similar answers. To this answer the plaintiff filed a traverse, at the same term, alleging that the garnishee was indebted $10,000 00.

At the next November term, 1872, the garnishee filed an amended answer. In this the garnishee set out that the plaintiff had issued an attachment in 1867 and served the garnishee with summons, and at the same time Todd & Rafferty, Bagley & Sewell and Petty & Sawyer, each issued an attachment and served the garnishee with summons, all returnable to the same Court. That answers were filed in each case, and that each of the parties, except Petty & Sawyer, had removed their cases to the Circuit Court. That the balance due for the lot was to be paid when titles were made, and that titles had been made in 1867. The total amount claimed to be due by said several plaintiffs from said paper mills, was more than the balance due by the garnishee; that garnishee was ready and willing, on the day of making the titles, to pay the balance due, and would have done so but for said garnishments, and has always been willing and ready to pay the same, but has not done so on account of the garnishments. Said garnishments were pending in said Circuit Court until the term of said Court held last, before the service of the second summons issued under the garnishment at common

Eagle and Phœnix Company *vs.* White, Sheffield & Company.

law, and at the time of said second service this balance was still due. At the same time the second summons was served, the said Todd & Rafferty and Bagley & Sewell, also served the garnishee with summonses of garnishment to answer at the same term, and that the total amount claimed by all the plaintiffs against the paper mills was larger than the balance due by the garnishees. Plaintiff also traversed the answer and set forth that the garnishee was indebted $6,000 00, besides interest, for that the garnishee did resist and delay said garnishments, and· have constantly used said money in their business. It was shown by G. Gunby Jordan, who was book-keeper of the Eagle and Phœnix Manufacturing Company, that the amount due for the lot had not been set apart by the garnishee but had remained in its hands; that the garnishees had frequently borrowed money and paid large sums for interest. Did not always have on hand enough money to pay for the lot, but could have paid the amount at any time. Did not pay it because of the garnishments. After reading the order transferring said case to the Circuit Court the garnishee moved to dismiss the garnishment at common law, upon two grounds: 1st, Because said order not only carried the proceedings in garnishment but also the judgment in favor of plaintiffs against the Rock Island Paper Mills, and, therefore, at the time of issuing said garnishment at common law, there was no judgment against said Rock Island Paper Mill; 2d. Because there was, at the time of the issuing the garnishment at common law, another garnishment in favor of the plaintiffs against the garnishee to recover the same debt. After this motion was made to the Court the attorney for the plaintiffs, to-wit: R. J. Moses, without objection from the garnishee, presented and read to the Court, but did not offer the same in evidence to the jury, an affidavit made by himself in open Court at that time, stating in said affidavit, that the said Circuit Court refused to take jurisdiction of said cases so transferred to said Court, because the records in said case were not filed in said Court on the first day of the said Court, but said Court remanded the same to the Superior Court of Muscogee.

The Court overruled the motion to dismiss, and this is the first error assigned.

It appears from the evidence that the Rock Island Paper Mills made a deed to the garnishee, which was accepted, in 1867, and that the garnishee had never paid the money into Court, and that the garnishee resisted the payment on the ground of the statute of limitations. The Court charged the jury that they should find what amount the garnishees owed to said paper mills company, and further, that they should ascertain when said money became due, that they might find interest against the garnishee upon the same from the time the same became due. This last charge was excepted to by the garnishee, and is the second error assigned. The jury found that the garnishee was indebted $5,305 75, principal, and $1,757 01, interest. After the rendition of the verdict, the Court gave judgment in favor of the plaintiff against the garnishee for the full amount of the principal and interest of plaintiff's judgment against the Rock Island Paper Mills Company, to which judgment the garnishee excepts, and this is the third and last ground of error assigned.

It was not error in the Court in refusing to dismiss the garnishment on either of the grounds stated in the motion. First, because it did not affirmatively appear that the Circuit Court had ever acquired jurisdiction of the garnishment proceeding, and as the case was back in the Superior Court at the time the motion to dismiss was made, we are bound to presume it was rightly back there, notwithstanding an order may have been granted to remove it at a previous term of the Court; besides, the removal of the garnishment proceeding to the Circuit Court would not necessarily have removed the common law judgment to that Court. Second, because the affidavit of the garnishee alleging there was, at the time of the issuing of the garnishment at common law, another garnishment in favor of the plaintiffs against the garnishee to recover the same debt, if it is to be considered in the nature of a plea in abatement, it was not filed at the first term of the Court after service of the summons of garnishment; besides, there is no allegation

in the affidavit that there was another garnishment *pending in any Court* at the time of issuing the garnishment at common law; therefore, the motion to dismiss was properly overruled. The question of interest was immaterial, so far as the garnishee is concerned, for it admits it is indebted to the defendant more than sufficient to pay both the principal and interest found by the verdict. When the garnishee pays what it admits it owes to the defendant, into Court, it need not trouble itself about the distribution of the money between the other creditors of defendant.

Let the judgment of the Court below be affirmed.